IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40399
Conference Calendar

_____

ROBERT DAVIS,

                                        Plaintiff-Appellant,

versus

BOBBY PARTON, Lieutenant, Coffield Unit,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-14
- - - - - - - - - -
October 20, 1998

Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Davis, a Texas prisoner (# 584003), appeals from the dismissal of his pro se civil rights action as frivolous under 28 U.S.C. § 1915(e)(2)(B). The district court sua sponte dismissed the complaint because it was barred by the applicable two-year Texas statute of limitations, among other grounds. A district court may sua sponte dismiss a complaint as frivolous on statute-of-limitations grounds where "it is clear from the face of a complaint that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1994). For § 1983 claims, federal courts apply the general personal injury statute of limitations of the forum state, Owens v. Okure, 488 U.S. 235, 249-50 (1989), which is two years in Texas. Cooper v. Brookshire, 70 F.3d 377, 380 n.20 (5th Cir. 1995); see TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West). Because Davis signed his complaint more than two years after the event upon which his complaint is based, the district court did not abuse its discretion in dismissing the complaint as frivolous.

Davis' appeal is without arguable merit and therefore is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The United States District Court for the Eastern District of Texas has previously dismissed at least one of Davis' complaints as frivolous. See Davis v. Dixon, No. 97-41210 (5th Cir. Mar. 31, 1998) (unpublished) (affirming district court's dismissal of complaint as frivolous). The district court's dismissal of the present case and our dismissal of Davis' appeal constitute second and third "strikes" against Davis for purposes of 28 U.S.C. § 1915(g). See § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Because Davis has three strikes, he may not bring a civil action or appeal as a prisoner proceeding in forma pauperis unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

APPEAL DISMISSED. 5TH CIR. R. 42.2. SANCTION IMPOSED UNDER 28 U.S.C. § 1915(g).